| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

FILED
MINNEAPOLIS, MINN
2017 JAN 13 PM 1:02
CITY CLERK
DEPARTMENT

Lenell G. McKenzie,

    Plaintiff,

vs.

City of Minneapolis; and Officer Charles Cape and Officer David Robins, in their individual and official capacities,

    Defendants.

COMPLAINT WITH JURY DEMAND

Court File No:

Case Type: Other

Judge:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution against the City of Minneapolis and Officers Cape and Robins, in their individual and official capacities.

2. It is alleged that the Defendants made an unreasonable seizure of Plaintiff's person, violating her rights under the Fourth Amendment to the United States Constitution. It is also alleged that Defendants battered Plaintiff under Minnesota state law.

## VENUE

3. Venue is proper in this Court pursuant to Minn. Stat. §§ 542.03 and 532.09, in that this cause of action arose in Hennepin County, MN.

Notice of Removal Exhibit 2

## PARTIES

4. Plaintiff Lenell McKenzie was at all material times a resident of the State of Minnesota and of full age.

5. The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of the Defendant Officers.

6. The Defendant Police Officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

## FACTS

7. On July 17, 2016, Ms. McKenzie was in South Minneapolis to drop off an acquaintance. While Ms. McKenzie was dropping her off, someone may have called the police to report Ms. McKenzie's vehicle as being suspicions. Ms. McKezie dropped off her acquaintance and drove away from the residence.

8. As Ms. McKenzie was driving away, she noticed a Minneapolis police squad approaching her from behind at a high rate of speed. The squad following Ms. McKenzie was occupied by Defendant Officers Cape and Robins. Ms. McKenzie noticed the same squad earlier while she was parked, but the squad did not follow Ms. McKenzie until after Ms. McKenzie dropped off her acquaintance and was alone. Ms. McKenzie became concerned for her safety and pulled over to the side of the road and parked her car.

9. Once Ms. McKenzie parked her car, the Defendant Officers activated their emergency lights and pulled up right behind her. Officer Robins approached Ms. McKenzie, and the two

engaged in a short conversation. During this conversation, Ms. McKenzie stated, among other things, that she had done nothing wrong and asked to find out why the officers pulled up behind her so quickly. Officer Robins requested Ms. McKenzie's driver's license, which Ms. McKenzie provided, and also threatened that he can do more than just stop Ms. McKenzie. The Officers then returned to their squad. At this time, as a result of the Officers' words and actions, Ms. McKenzie became concerned for her safety and dialed 911 to report the situation and to request a supervising officer to respond to the scene.

10. Shortly after, the Officers returned and demanded that Ms. McKenzie exit her vehicle. Ms. McKenzie retrieved her keys from the ignition, locked the door, and exited her vehicle. Ms. McKenzie was then ordered on the curb, and she followed the directive and sat down on the curb and then proceeded to speak with the 911 dispatcher.

11. Officer Cape believed that he saw a bag of crack-cocaine inside Ms. McKenzie's glove box and wanted to search Ms. McKenzie's car. Officer Cape then demanded Ms. McKenzie's keys several times. Ms. McKenzie did not respond and instead continued to sit on the curb and speak with the dispatcher on her cell phone. Next, without any warning or directive, the Defendant Officers grabbed Ms. McKenzie, pulled her up off the ground, and proceeded to beat and assault her using severe and excessive force and without any justification. The assault included slamming Ms. McKenzie against the squad, throwing her to the ground, slamming her head against the pavement, choking Ms. McKenzie using a chokehold even after she was handcuffed, punching Ms. McKenzie in the face using a closed fist, elbowing Ms. McKenzie in the face, and kneeing Ms. McKenzie over her face, all done intentionally and without justification. Ms. McKenzie was not resisting or fighting the Defendant Officers during the assault. Ms. McKenzie was eventually handcuffed and placed in the back of

squad. During the assault, one of the Officers persistently kept reaching inside Ms. McKenzie's pocket and in-between her legs in an effort to get her car keys out of her pocket, which he eventually retrieved. A search of Ms. McKenzie's vehicle produced a small amount of marijuana but no other drugs or contraband. The Defendant Officers then transported Ms. McKenzie to the Hennepin County Jail and charged her with obstruction of legal process.

12. As a result of the Defendant Officers' unjustified assault, Ms. McKenzie suffered severe physical pain and discomfort as well as significant face, head, shoulder, back, neck, and knee injuries. Ms. McKenzie has also suffered emotional trauma and distress, hearing loss, medical expenses, and lost wages. Ms. McKenzie has been unable to return to work as a result of the subject incident and now suffers from chronic pain and discomfort. Ms. McKenzie has also suffered shame, humiliation, and loss of freedom and liberty.

### CLAIMS FOR RELIEF

#### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST INDIVIDUAL DEFENDANTS

13. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

14. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when they assaulted Plaintiff without justification.

15. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

#### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEARCH AND SEIZURE AND FALSE ARREST AGAINST INDIVIDUAL DEFENDANTS

16. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

17. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution when the Defendant Officers seized Plaintiff and searched her vehicle without probable cause or reasonable suspicion to believe that Ms. McKenzie had committed a crime and when the Defendant Officers arrested Ms. McKenzie for obstruction of legal process without probable cause.

18. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 3: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

19. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

20. Based on the above factual allegations, the Defendants battered Plaintiff. Specifically, the Defendant Officers engaged in intentional, offensive, and unpermitted contact with Plaintiff when they physically assaulted and injured her without justification.

21. Defendant City of Minneapolis is vicariously liable to Plaintiff for the Defendant Officers' battery.

22. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

### RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution and battered her and that Defendants are liable to Plaintiff for all damages resulting from these violations;

Notice of Removal Exhibit 2

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: <u>January 13, 2017</u>   By: <u>s/ Zorislav R. Leyderman</u>
    ZORISLAV R. LEYDERMAN
    Attorney License No. 0391286
    Attorney for Plaintiff
    The Law Office of Zorislav R. Leyderman
    222 South 9th Street, Suite 1600
    Minneapolis, MN 55402
    Tel: (612) 876-6626
    Email: zrl@ZRLlaw.com